IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOB EUGENE WEST, JR.,

        Case No. 2:13-cv-00182-SU

    Petitioner,

  v.

MARK NOOTH,

        FINDINGS AND RECOMMENDATION

    Respondent.

    Bob Eugene West, Jr.
    10897927
    Snake River Correctional Institution
    777 Stanton Blvd.
    Ontario, OR 97914-8335

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Sodomy, Attempted Sodomy, and Sexual Abuse. Because the Petition for Writ of Habeas Corpus (#2) is premature, it should be dismissed without prejudice.

## BACKGROUND

Petitioner is incarcerated within the Oregon Department of Corrections based on his January 25, 2006 convictions for four counts of Sodomy in the First Degree, one count of Attempted Sodomy in the First Degree, and six counts of Sexual Abuse in the First Degree. Petitioner is currently serving a 595-month sentence as a result of those convictions. Respondent's Attachment A.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court decision's without opinion, and the Oregon Supreme Court denied review. *State v. West, Jr.*, 218 Or. App. 375, 180 P.3d 185, *rev. denied*, 344 Or. 558, 187 P.3d 219 (2008). Respondent's Attachment B.

On September 3, 2008, petitioner filed for post-conviction relief ("PCR") in Malheur County, and filed an Amended PCR Petition on February 26, 2013. Respondent's Attachment C. Petitioner also filed a PCR appeal, which the Oregon Court of Appeals dismissed on its own motion, apparently because it was premature. Respondent's Attachment D.

2 - FINDINGS AND RECOMMENDATION

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on January 31, 2013. Respondent moves to dismiss the Petition without prejudice on the basis that petitioner has not yet finished exhausting his state-court remedies.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994 (citing *Rose*). The proper time to determine whether petitioner has exhausted his state court remedies is at the time he files his federal habeas corpus petition. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). A habeas corpus action that is filed prior to the completion of exhaustion should be dismissed without prejudice. *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008).

In his Petition for Writ of Habeas Corpus, petitioner raises 35 grounds of ineffective assistance of trial counsel. In Oregon, such claims are reserved for PCR actions. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012); *State v. Dell*, 156 Or. App. 184, 188, 967 P.2d 507, 509 (1998). It is clear from the record that petitioner filed this habeas corpus action during the pendency of

3 - FINDINGS AND RECOMMENDATION

his PCR trial. In fact, petitioner did not file his Amended PCR Petition until *after* he filed this federal case. Because petitioner's PCR proceedings were clearly still pending at the time he filed this case, the court should dismiss this action without prejudice to petitioner's right to challenge his convictions in a future habeas corpus case once he has finished exhausting his state-court remedies.

## **RECOMMENDATION**

Respondent's Motion to Dismiss (#11) should be granted, and petitioner's Petition for Writ of Habeas Corpus (#2) should be dismissed on the basis that petitioner had not exhausted his state-court remedies at the time he filed this case. The court should also: (1) enter a Judgment dismissing this case without prejudice; and (2) decline to issue a Certificate of Appealability on the basis that this case is clearly premature.

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///
///
///
///

4 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  24th  day of June, 2013.

                          /s/ PATRICIA SULLIVAN
                          Patricia Sullivan
                          United States Magistrate Judge